UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JEREMY A. SPRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00225-TWP-DML |
| | ) | |
| JONATHON SIMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

**I. Screening of Complaint**

Plaintiff Jeremy Spry brings this civil action against Officer Jonathon Simpson of the Madison Police Department. The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute directs the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The Court construes Mr. Spry's claim as being brought under 42 U.S.C. § 1983. To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a right secured by the United States Constitution or laws. *London v. RBS Citizens, N.A.,* 600 F.3d 742, 745-46 (7th Cir. 2010).

The complaint alleges that on February 10, 2016, Officer Simpson, without probable cause, conducted an unlawful search and seizure and improperly arrested Mr. Spry. For relief, Mr. Spry seeks a dismissal of the charges brought against him; an award for false arrest, false imprisonment, and malicious prosecution; and an injunction for Officer Simpson's resignation and public apology.

The Court takes judicial notice that in Jefferson Superior Court, cause number 39D01-1602-F3-00139, a level 3 felony charge of dealing in methamphetamine is still pending against Mr. Spry.

Reading the complaint liberally, Mr. Spry brings a claim of false arrest. He alleges that Officer Simpson lacked probable cause when he arrested him. The state court case docket reflects that probable cause was found by the judge on February 12, 2016. "Probable cause is an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits." *Ewell v. Toney,* 853 F.3d 911, 919 (7th Cir. 2017). "In other words, if an officer has probable cause to arrest a suspect, the arrest was not false." *Id.* Mr. Spry's false arrest claim, therefore, is **dismissed for failure to state a claim upon which relief can be granted.**

In addition, in light of the fact that the state court proceedings are pending, "federal courts [must] abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs. Inc. v. Dart,* 619 F.3d 674, 677 (7th Cir. 2010). The Supreme Court has held that federal courts must "abstain when a criminal defendant seeks a federal injunction to block his state court prosecution on federal constitutional grounds." *Id.* at 678 (citing *Younger v. Harris,* 401 U.S. 37, 53-54 (1971)). This Court must abstain from interfering in the Jefferson Superior Court criminal action. To the extent Mr. Spry seeks the dismissal of that action, he must proceed through state court procedures.

## II. Show Cause

The plaintiff shall have **through February 28, 2018,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted and pursuant to the *Younger* abstention doctrine. The plaintiff should place the proper case number, 4:17-cv-00225-TWP-DML, on his written response to this order. Failure to respond to this order

to show cause will result in the dismissal of the action for the reasons discussed in this Entry, without further notice.

**IT IS SO ORDERED.**

Date: 1/25/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution by U.S. mail to:

JEREMY A. SPRY
25385
JEFFERSON COUNTY JAIL
317 South Walnut St.
Madison, IN 47250